UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  JANICE ALLEY,                                             :
                                                            :
                                    Plaintiff,              :   19 Civ. 7530 (LGS)
                                                            :
                    -against-                               :   ORDER
                                                            :
  LONG ISLAND RAILROAD COMPANY,                             :
                                                            :
                                    Defendant.              :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on May 22, 2020, Defendant filed a sealed motion in limine (Dkt. Nos. 30-32), in accordance with the Court's April 20, 2020, and May 20, 2020, Orders (Dkt. Nos. 25, 29);

    WHEREAS, on June 1, 2020, Plaintiff filed a sealed opposition memorandum (Dkt. No. 36);

    WHEREAS, in the motion, Defendant argues that evidence of the 2013 incident and resulting damage should be excluded because (1) it is not causally related to Defendant's alleged negligence in failing to clear a walkway after a snow storm and therefore not relevant under Federal Rule of Evidence 401, and (2), even assuming some limited relevance, it is inadmissible under Federal Rule of Evidence 403, as its probative value is outweighed by prejudice to Defendant, potential to confuse the jury and to waste time and Court resources (Dkt. No. 32 at 3-4/6);

    WHEREAS, in her opposition, Plaintiff argues that this evidence is relevant and its probative value -- going to harm alleged in connection with her claims -- outweighs any prejudice, confusion or waste of time or resources (Dkt. No. 36 at 1-2/4).  It is hereby

    **ORDERED** that Defendant's motion in limine to exclude evidence of the 2013 incident and resulting damage is **GRANTED** in part and denied in part.  As proffered, this evidence may

be relevant under Rule 401, but its probative value is substantially outweighed by prejudice to Defendant, as the allegations of egregiously wrongful acts committed by Defendant's employee in the workplace carry the potential to unfairly prejudice Defendant and distract from the negligence allegations of Plaintiff's Federal Employer Liability Act claim.  *See* Fed. R. Evid. 403; *Satterfield v. Maldonado*, No. 14 Civ. 0627, 2016 WL 1047389, at *2 (S.D.N.Y. Mar. 10, 2016) (concluding that the probative value of evidence related to defendant's previous crimes, while relevant to credibility, was significantly outweighed by danger of prejudice under Rule 403, in the context of a personal injury action concerning an automobile accident).  It is further

**ORDERED** that Plaintiff may not adduce evidence of the nature of the incident, but may offer evidence (provided it is otherwise admissible) that an incident occurred and how it contributed to her alleged injury in this case.  Plaintiff may not adduce evidence of the nature of the incident or who was involved.  *See Anderson v. Scanlon*, No. 14 Civ. 00829, 2017 WL 3974994, at *5 (D. Conn. Sept. 8, 2017) (prohibiting testimony -- in connection with defendants' motion in limine to exclude evidence related to traffic stops that resulted in plaintiff's arrest and subsequent § 1983 claims -- related to the underlying legality of the traffic stops, while allowing testimony unrelated to legality which provided relevant context for plaintiff's claims).  Upon Plaintiff's request, the Court will provide an explanatory instruction to the jury.

The Clerk of Court is respectfully directed to close the open motion at Docket No. 30.

Dated: June 5, 2020
      New York, New York

                              LORNA G. SCHOFIELD
                              **UNITED STATES DISTRICT JUDGE**